ALICE M. HEMENWAY *vs.* HERBERT L. HEMENWAY.

NOVEMBER 2, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Divorce. Production of Documents, Final Decrees. Appeal.*

By court and practice act, section 328, an appeal is given to "any person aggrieved by a final decree of the Superior Court in any cause in equity or proceeding following the course of equity."

*Held*, that a decree ordering the production of documents in a divorce proceeding was not a final decree within such provision, and no appeal would lie therefrom.

DIVORCE.  Heard on appeal from decree of Superior Court and dismissed.

JOHNSON, J.  This is an appeal from a decree of the Superior Court, in the above entitled cause, ordering the production of documents.

Alice M. Hemenway, in her petition for divorce pending in the Superior Court in the county of Providence, had prayed for

the custody of her two minor children, and for an allowance, out of the estate of the respondent, Herbert L. Hemenway, for her separate maintenance, and for the education, maintenance, and support of her said children. On the 27th day of February, 1906, she filed in said court a petition for the production of documents, under section 402 of the court and practice act, for the purpose of proving the amount to which she would be entitled for her separate maintenance and for the support of her said children. On the 21st day of July, 1906, a decree was entered in said Superior Court ordering such production of documents at the office of the firm of Horton and Hemenway, of which the respondent is a partner, at Boston, Massachusetts, for examination by petitioner's counsel and an expert accountant, at certain specified times on and after the first day of August, 1906, to the last day of October, 1906. From this decree the respondent appealed.

(1)    The first question which presents itself for our consideration is whether an appeal will lie from such a decree.

Section 304 of the court and practice act provides: "All petitions for the enforcement of mechanics' liens, petitions for divorce, and statutory proceedings so prescribed by statute, shall follow the course of equity so far as the same is applicable." By section 328 of the court and practice act an appeal to the Supreme Court is given to "any party aggrieved by a final decree of the superior court in any cause in equity or proceeding following the course of equity." The right of appeal is only given to the party aggrieved by a final decree.

The respondent argues that the decree in question is a final decree, and cites *Arnold* v. *Pawtuxet Valley Water Company*, 18 R. I. 189, where Mr. Justice Tillinghast, speaking of this statute (then Pub. Stat. cap. 214, § 45) said (p. 194): "The application provided for by said statute (which statute is merely declaratory of the common law upon the subject, *Ely* v. *Mowry*, 12 R. I. 570, 572) is evidently intended as a substitute for the more ancient and cumbersome method of a bill of discovery for the accomplishing of the same result; and therefore, whenever the application shows a case which would entitle the plaintiff to relief under such a bill, he may

have such relief under the statute." Counsel for respondent argue that if this statute had not been passed a bill of discovery would have to be filed to accomplish the purpose sought, and that in that case an appeal would lie from the final decree ordering discovery; that the decree in the case at bar is only a statutory substitute for the more ancient one, and that there is no reason why this decree should not be appealable any more than in true discovery.

The first claim is sufficiently answered by the case cited *supra*, by counsel for the respondent, which states that the statute is merely declaratory of the common law upon the subject. In the case of a bill of discovery simply, the decree ordering discovery would be a final decree from which an appeal would lie. In the case, however, of a bill both for discovery and for relief, a decree for discovery would not be a final decree, but only an interlocutory decree in aid of the relief sought, and from it an appeal would not lie. It is the latter which the proceeding in this case more nearly resembles.

Not only is the right of appeal limited to final decrees by section 328 of the court and practice act, but the limitation is emphasized by section 337 of said act, which provides that an appeal may be taken from an interlocutory order or decree of the Superior Court whenever an injunction shall be granted or continued or a receiver appointed, thus by implication excluding appeals from all other interlocutory decrees.

Our opinion, therefore, is that an appeal will not lie from the decree in question.

The appeal is dismissed.

*Edwards and Angell,* for petitioner.

*Comstock and Canning, and Patrick P. Curran,* for respondent.